# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873- 9550

_____*Attorneys at Law*_____

January 4, 2024

*Via ECF*
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

        Re:    Chai v. NYU et al.
                  Docket No. 23-CV-09192

Dear Judge Vyskocil:

      This office represents the individual defendant, Ninette Lyubarsky, in the above referenced matter. We write pursuant to Your Honor's Individual Practice Rule 4(A)(i) requesting a pre-motion conference in connection with Ms. Lyubarsky's anticipated motion to dismiss Plaintiff's Complaint. Ms. Lyubarsky adopts the arguments set forth in the pre-motion letter to be filed by NYU and the remaining individual defendants. Moreover, Ms. Lyubarsky adds the following:

**Discrimination Claims Generally**

      Plaintiff's discrimination claims against Ms. Lyubarsky should be dismissed because all of the allegations regarding discriminatory intent are conclusory. Also, there is no adverse action alleged to have been taken by Ms. Lyubarsky. In Yusuf v. Vassar Coll., 35 F.3d 709, 713-714 (2d. Cir. 1994) the Second Circuit explained:

> A plaintiff alleging racial or gender discrimination by a university must do more than recite conclusory assertions. In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent. See Dartmouth Review v. Dartmouth College, 889 F.2d 13, 17 (1st Cir. 1989); Albert v. Carovano, 851 F.2d 561, 572-73 (2d Cir. 1988) (en banc). Therefore, "a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." Martin v. N.Y. State Dep't of Mental Hygiene, 588 F.2d 371, 372 (2d Cir. 1978) (per curiam).

Id. at 713-714; see also Amaya v. Ballyshear LLC, 295 F. Supp. 3d 204, 220 (E.D.N.Y. 2018) ("[n]aked assertions of discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss."); Trane v. Northrop Grumman Corp., 94 F. Supp. 3d 367, 375 (E.D.N.Y. 2015) ("Conclusory allegations of discrimination are insufficient to show that a defendant's non-discriminatory reasons are pretexts").

Just so here.  The complaint contains no specific factual allegations to support a discrimination claim based on race, disability, or gender.  Instead, Plaintiff vaguely alleges she was subjected to "hazing, discrimination, harassment, and intimidation," absent any facts suggesting a plausible inference of discriminatory intent, and absent any allegation that Ms. Lyubarsky even knew about Plaintiff's ADHD.  Moreover, Plaintiff alleges that such "hazing, hostility, and abuse" was part of the "institutional culture," thus implying it was not related to her membership in any protected class, but rather her status as an underclassman.

**Retaliation Claims Generally**

Plaintiff's retaliation claims against Ms. Lyubarsky should also be dismissed because they are conclusory.  See Colon-Regus v. FEGS Health & Human Serv. Sys., 2015 U.S. Dist. LEXIS 32027, at *32 (S.D.N.Y. 2015) ("Plaintiff's allegations of retaliation are too conclusory to survive a motion to dismiss"); Coleman v. brokersXpress, LLC, 2008 U.S. Dist. LEXIS 92658, at *8 (S.D.N.Y. 2008) ("Under Twombly, a plaintiff must offer some factual support for her allegations in order to survive a motion to dismiss. Yet [plaintiff's] retaliation claim makes no mention of his participation in, or initiation of, an employment discrimination investigation before he was terminated and is based only on conclusory allegations. Thus, his retaliation claim is dismissed"). As the Complaint contains no factual allegations supporting a retaliation claim, and does not even appear to allege any protected activity, dismissal is appropriate.  Moreover, the alleged adverse action is that Plaintiff was expelled from NYU, and that NYU did not properly consider her appeal in relation to that expulsion.  A fellow student such as Ms. Lyubarsky is not able to remove another student from school or offer reinstatement upon appeal.

**Title IX – No Individual Liability**

Plaintiff's Title IX claim against Ms. Lyubarsky should be dismissed because Title IX does not provide for individual liability.  See, e.g., Sutton v. Stony Brook Univ., 2020 U.S. Dist. LEXIS 206999, at *6 (E.D.N.Y. 2020) ("The Supreme Court has held that while Title IX creates liability for institutions and programs that receive federal funds, it does not 'authoriz[e] suit[s] against school officials, teachers, and other individuals.'" (quoting Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257, (2009)); Ikedilo v. Statter, 2020 U.S. Dist. LEXIS 182020, at *8 (S.D.N.Y. 2020) ("Defendants next argue that Plaintiff's…Title IX…claims against [the individual defendants] must be dismissed, as individual defendants cannot be held liable under [Title IX]. The Court agrees, and thus dismisses those claims."); Wood v. Pittsford Cent. Sch. Dist., 2005 U.S. Dist. LEXIS 18063, at *7 (W.D.N.Y. 2005) ("Plaintiff . . . may not proceed with her Title IX claims against the individual defendants, as Title IX does not provide for a remedy against individuals").

**Section 504 of the Rehabilitation Act – No Individual Liability**

Plaintiff's Rehabilitation Act claims against Ms. Lyubarsky should be dismissed because Section 504 does not provide for individual liability.  See, e.g., Ikedilo, 2020 U.S. Dist. LEXIS 182020, at *8 ("Defendants next argue that Plaintiff's…Section 504 claims against [the individual defendants] must be dismissed, as individual defendants cannot be held liable under [Section 504]. The Court agrees, and thus dismisses those claims."); Sutherland v. New York State Department of Law, 1999 U.S. Dist. LEXIS 7309, at *7 (S.D.N.Y. 1999) ("Nor can individuals be named as defendants in…Rehabilitation Act suits in their official or representative capacities").

**ADA – No Individual Liability**

Plaintiff's ADA claims against Ms. Lyubarsky should be dismissed because the ADA does not provide for individual liability.  Anand v. New York State Dep't of Taxation & Finance, 2012 U.S. Dist. LEXIS 85744, at *7 (E.D.N.Y. 2012) (ADA does not "provide for individual liability"); Doe v. Major Model Mgmt. Inc., 2012 U.S. Dist. LEXIS 32064, at *7 (S.D.N.Y. 2012) ( "The ADA applies to employers: it does not confer individual liability.")

**NYSHRL – No Individual Liability**

Plaintiff's NYSHRL claim against Ms. Lyubarsky is based on N.Y. Exec. Law § 296(4), a statute that prohibits discrimination at educational institutions.  Nowhere in this statute is there any provision for individual liability.  Moreover, we note that as a student, Ms. Lyubarsky was not Plaintiff's employer, nor was she an employee of NYU.  Thus, Plaintiff's NYSHRL claim against Ms. Lyubarsky should be dismissed.

We thank the Court for its consideration.

LEEDS BROWN LAW P.C.

_____s/_____
Rick Ostrove
*Attorneys for Defendant Lyubarsky*
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

cc:     All counsel (via NYSEF)

3